[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Mays*, Slip Opinion No. 2024-Ohio-4616.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4616

THE STATE OF OHIO, APPELLEE, *v*. MAYS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Mays*, Slip Opinion No. 2024-Ohio-4616.]**

*Criminal law—R.C. 2945.75—The requirement in R.C. 2945.75(A)(2) that a guilty verdict state either the degree of the offense of which the offender is found guilty or additional element or elements is satisfied by a verdict form that cites the statutory section or sections mandating that the defendant be convicted of a higher-level offense—Plain-error review applies when a defendant fails to raise an objection to a verdict form's alleged noncompliance with R.C. 2945.75(A)(2)—Judgment affirmed.*

(No. 2023-0839—Submitted March 12, 2024—Decided September 25, 2024.)

CERTIFIED by the Court of Appeals for Lucas County,

No. L-21-1228, 2023-Ohio-1908.

_____

FISCHER, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE and DETERS, JJ., joined. BRUNNER, J., dissented, with an opinion joined by DONNELLY and STEWART, JJ.

**FISCHER, J.**

**{¶ 1}** In this case, we are asked to determine whether a verdict form's reference to the statutory section or sections mandating that a defendant be convicted of a higher-level offense constitutes compliance with R.C. 2945.75(A)(2)'s requirement that the verdict state the degree of the offense of which the offender is found guilty. We conclude that a verdict form's citation to the statutory section mandating the degree of the offense does comply with R.C. 2945.75(A)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** Appellant, Mario D. Mays, was charged with multiple offenses, including violating a protection order under R.C. 2919.27(A) and (B), a fifth-degree felony. Uncontested trial evidence showed that Mays had previously been convicted of violating a protection order. The jury ultimately found Mays guilty of violating a protection order. The jury's verdict form specified, "We the jury . . . for verdict find and say that we find the defendant, Mario D. Mays . . . guilty of Count 1, Violating a Protection Order, in violation of R.C. 2919.27(A)(1) and (B)(3)." Mays did not object to the verdict form. Because of his prior conviction, Mays's offense in this case constituted a fifth-degree felony under R.C. 2919.27(B)(3).

**{¶ 3}** The Sixth District Court of Appeals affirmed Mays's conviction and sentence in a two-to-one decision. 2023-Ohio-1908, ¶ 73 (6th Dist.). In one of his assignments of error on appeal, Mays argued that the verdict form was insufficient to convict him of a fifth-degree felony because it contained no reference to the level of the offense or any aggravating factors that raise the level of the offense, contrary to the requirement of R.C. 2945.75(A)(2). *Id*. at ¶ 48.

{¶ **4**} Relying on our decision in *State v. Pelfrey*, 2007-Ohio-256, the Sixth District concluded that in determining whether a verdict form complies with R.C. 2945.75(A)(2), courts may look to what is contained within that verdict form. 2023-Ohio-1908 at ¶ 62 (6th Dist.). The court of appeals reasoned that if a statutory reference contained within the verdict form is sufficient to give notice of the degree of the offense without additional information, then the verdict form is sufficient under R.C. 2945.75(A)(2). *Id.* In its analysis, the court of appeals noted that in *Pelfrey*, this court never stated that a reference to a statutory section within the verdict form is insufficient to state the degree of the offense. 2023-Ohio-1908 at ¶ 57 (6th Dist.). The court of appeals further noted that a concurring opinion in a subsequent Ohio Supreme Court case indicated that a reference to a statutory section in a verdict form would be sufficient to state the degree of the offense in compliance with R.C. 2945.75(A)(2). *Id*. at ¶ 60, citing *State v. McDonald*, 2013-Ohio-5042, ¶ 29 (Lanzinger, J., concurring).

{¶ **5**} The dissenting opinion in the court of appeals emphasized that the verdict form in Mays's case contains no statement of the degree of the felony and does not state the additional element or elements present to increase the degree of the offense. *Id*. at ¶ 87 (Zmuda, J., dissenting). It noted that R.C. 2919.27(B)(3) provides that the offense of violating a protection order will merit a higher offense level if one of three alternative requirements is met and that Mays's verdict form did not specify which of the three alternatives applied to Mays. *Id*. (Zmuda, J., dissenting).

{¶ **6**} The Sixth District noted that its decision conflicted with *State v. Gregory*, 2013-Ohio-853 (3d Dist.), in which the Third District Court of Appeals held that a reference to the statutory section will not satisfy R.C. 2945.75(A)(2). 2023-Ohio-1908, at ¶ 68, 70 (6th Dist.). This court determined that a conflict exists and ordered briefing on the conflict question certified by the Sixth District:

Can the requirement in R.C. 2945.75(A)(2) that a "guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional [aggravating] element or elements are present" be satisfied by a verdict form that cites the statutory sections, permitting the defendant to be convicted of the higher-level offense?

(Bracketed text in original.) 2023-Ohio-3100.

## II. ANALYSIS

{¶ 7} The legal issue before us in this case is straightforward: When a verdict form contains no reference to the degree of the offense and does not list the additional elements present that require the offense level to be raised but instead cites the statutory section that requires the degree of the offense to be raised in certain circumstances, may the level of the offense be properly elevated in compliance with R.C. 2945.75(A)(2)? We conclude that a citation to the statutory section will suffice to satisfy R.C. 2945.75(A)(2).

### A. The verdict form satisfied R.C. 2945.75(A)(2) in this case

{¶ 8} R.C. 2945.75(A) provides the following:

When the presence of one or more additional elements makes an offense one of more serious degree:

. . .

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

This court has examined R.C. 2945.75(A)(2)'s requirements on multiple occasions. For example, *Pelfrey*, 2007-Ohio-256, involved a verdict form that did not contain the degree of the offense and did not list the element necessary to elevate the offense level. *Id*. at ¶ 13. This court determined that a verdict form's incorporation of the language of the indictment and the demonstration of trial evidence proving the existence of the additional element necessary to raise the level of the offense were not enough for the verdict form to comply with R.C. 2945.75(A)(2). *Id*. at ¶ 14. This court further stated that Pelfrey's failure to challenge the adequacy of the verdict form at the trial-court level did not prevent him from prevailing on the issue on appeal. *Id*. This court accordingly affirmed the court of appeals' decision reversing the conviction and ordering the trial court to enter a judgment convicting Pelfrey of the lowest degree of the offense charged. *Id*. at ¶ 15.

{¶ 9} We revisited the requirements of R.C. 2945.75(A)(2) in *State v. Eafford*, 2012-Ohio-2224. In *Eafford*, the verdict form did not list the level of the offense or contain any additional elements requiring the level of the offense to be elevated. *Id*. at ¶ 7. A majority of this court concluded that a reference to the indictment contained in the verdict form compelled a conclusion that the jury necessarily found that the additional element was present. *Id*. at ¶ 17. In our analysis, we also noted that the indictment referenced the additional element and that the State set forth evidence at trial supporting that additional element. *Id*. at ¶ 18. Notably, we specified that a plain-error analysis must be conducted because Eafford failed to object to the verdict form at trial. *Id*. at ¶ 11-12. This court concluded that "Eafford has not shown that but for the use of this verdict form, the outcome of the trial would have been different." *Id*. at ¶ 19. Finding neither error nor plain error, we reversed the court of appeals' judgment and reinstated the trial court's sentence. *Id*.

{¶ 10} This court again considered R.C. 2945.75(A)(2) in *State v. McDonald*, 2013-Ohio-5042. Relying on *Pelfrey*, the majority in *McDonald*

concluded that because the verdict form did not list the degree of the offense or indicate any additional elements that would require the offense level to be raised, the verdict form did not satisfy the requirements of R.C. 2945.75(A)(2). *McDonald* at ¶ 17-19, 23. Notably, our decision in *McDonald* contained no references to our decision in *Eafford*. Further, a concurring opinion in *McDonald* contained a statement that the verdict form would have complied with R.C. 2945.75(A)(2) if it had simply referenced the relevant statutory provisions providing the degree of the offense. *Id*. at ¶ 29 (Lanzinger, J., concurring).

{¶ 11} The certified conflict in this case indicates that some confusion exists about the application of this court's decisions concerning R.C. 2945.75(A)(2). The Third District concluded that the inclusion of the statutory section in the verdict form does not satisfy R.C. 2945.75(A)(2). *Gregory*, 2013-Ohio-853, at ¶ 24 (3d Dist.). In reaching this conclusion, the Third District stated that "*Pelfrey* and *Eafford* apparently contradict each other," and it ultimately chose to follow its interpretation of *Pelfrey*. *Gregory* at ¶ 18. Furthermore, the Third District concluded that the failure in *Gregory* to comply with R.C. 2945.75(A)(2) constituted plain error. *Id*. at ¶ 21.

{¶ 12} The Sixth District below concluded that the Third District's analysis in *Gregory* was "questionable." 2023-Ohio-1908 at ¶ 57 (6th Dist.). In so concluding, the Sixth District reasoned that our holding in *Pelfrey* forbids looking outside the verdict form to determine whether R.C. 2945.75(A)(2) has been complied with, but that it is permissible to make inferences based on what is contained within the verdict form itself (e.g., statutory citations). *Id*. Notably, both the majority and dissenting opinions below concluded that plain-error review is inappropriate in these types of cases, rejecting without explanation the approach set forth by this court in *Eafford*, and instead reviewed de novo. *See* 2023-Ohio-1908 at ¶ 53 (6th Dist.); *id.* at ¶ 76 (Zmuda, J., dissenting).

{¶ 13} We conclude that the Sixth District reached the correct conclusion in this case. The verdict form specifies that Mays was found guilty of "Violating a Protection Order, in violation of R.C. 2919.27(A)(1) and (B)(3)." Under R.C. 2919.27:

(A) No person shall recklessly violate the terms of any of the following:

(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;

…

(B)(1) Whoever violates this section is guilty of violating a protection order.

…

(3) Violating a protection order is a felony of the fifth degree if the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for any of the following:

(a) A violation of a protection order issued or consent agreement approved pursuant to section 2151.34, 2903.213, 2903.214, 2919.26, or 3113.31 of the Revised Code;

(b) Two or more violations of section 2903.21, 2903.211, 2903.22, or 2911.211 of the Revised Code, or any combination of those offenses, that involved the same person who is the subject of the protection order or consent agreement;

(c) One or more violations of this section.

{¶ 14} Although the verdict form does not contain the magic words "the offense is a felony of the fifth degree," we conclude that the verdict form in this case complies with R.C. 2945.75. The verdict form explicitly states that Mays was

found guilty in violation of R.C. 2919.27(B)(3). Because an offender found to be in violation of R.C. 2919.27(B)(3) has, under that division's clear language, committed a felony of the fifth degree, the jury's statement in its verdict form that Mays violated R.C. 2919.27(B)(3) is a statement that Mays committed a felony of the fifth degree. Thus, the verdict form's citation to R.C.2919.27(B)(3) constituted a statement of the degree of the offense to which Mays was found guilty, and the verdict form complied with R.C. 2945.75(A)(2).

{¶ 15} This conclusion is consistent with our holding in *Pelfrey*. In *Pelfrey*, this court emphasized that R.C. 2945.75(A)(2) requires that a jury's verdict form "include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." 2007-Ohio-256, at ¶ 14. We further stated in *Pelfrey*:

> [T]his court will not excuse the failure to comply with the statute or uphold Pelfrey's conviction based on additional circumstances such as those present in this case. The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form.

*Id.* In this case, while we conclude that the verdict form complies with R.C. 2945.75(A)(2), we do not base that conclusion on additional circumstances found outside the verdict form, such as incorporation of the indictment or review of the trial court's record. Instead, we conclude that the verdict form complies with R.C.

2945.75(A)(2) based on the statements made within that verdict form. This conclusion is consistent with this court's previous decisions. *See McDonald*, 2013-Ohio-5042, at ¶ 29 (Lanzinger, J., concurring) (explaining that a "simple application of *State v. Pelfrey*" provides that a citation to the relevant statutory section in the verdict form is sufficient to satisfy R.C. 2945.75(A)(2)).

{¶ 16} Mays argues that the citation to R.C 2919.27(B)(3) in the verdict form does not satisfy R.C. 2945.75(A)(2), because R.C. 2919.27(B)(3) lists three ways in which the offense of violating a protection order may be elevated to a felony of the fifth degree, and the verdict form in this case does not specify which of those three subsections provide the basis for elevating Mays's offense. This argument would be more compelling if R.C. 2945.75(A)(2) required the verdict form to state the additional element or elements present that support elevating the level of the offense. R.C. 2945.75(A)(2), however, specifies that an offense may be elevated if the verdict form states the degree of the offense. Because we conclude that the verdict form states the degree of the offense, Mays's argument that the verdict form does not specify which subsection of R.C. 2919.27(B)(3) applies to him is unavailing.

{¶ 17} For these reasons, we answer the certified conflict question in the affirmative and hold that the requirement in R.C. 2945.75(A)(2) that a guilty verdict state either the degree of the offense of which the offender is found guilty or additional element or elements is satisfied by a verdict form that cites the statutory section or sections mandating that the defendant be convicted of a higher-level offense. Because the verdict form in this case cited R.C. 2919.27(B)(3), which specifies that Mays's offense was a felony of the fifth degree, we conclude that the verdict form complied with R.C. 2945.75(A)(2).

**B. Even if error existed in this case, Mays failed to meet his burden of showing plain error**

{¶ 18} We further conclude that, even if the jury's verdict form contained an error, Mays's conviction must be affirmed because he failed to show plain error.

{¶ 19} As noted above, both the majority and dissenting opinions in the court of appeals concluded that plain-error review is inappropriate in these types of cases, rejecting without explanation the approach set forth by this court in *Eafford* and instead reviewing de novo. *See* 2023-Ohio-1908, at ¶ 53 (6th Dist.); *id.* at ¶ 76 (Zmuda, J., dissenting). This approach could be viewed as following *Pelfrey*, in which this court stated that "[t]he express requirement of [R.C. 2945.75(A)(2)] cannot be fulfilled by demonstrating additional circumstances, such as . . . by showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *Pelfrey*, 2007-Ohio-256, at ¶ 14. Indeed, the court of appeals below relied on *Pelfrey* in rejecting the application of a plain-error analysis. 2023-Ohio-1908 at ¶ 53 (6th Dist.).

{¶ 20} But we did not expressly disclaim application of plain-error analysis in *Pelfrey*. Instead, we merely explained that a defendant's failure to object to the verdict form does not automatically cure any noncompliance with R.C. 2945.72(A)(2). *See Pelfrey* at ¶ 5.

{¶ 21} Five years after *Pelfrey* was decided, this court explicitly stated that a plain-error analysis applies to this exact situation. *See Eafford*, 2012-Ohio-2224, at ¶ 11. In *Eafford*, the language in a verdict form found the defendant guilty of an offense as charged in the indictment but did not state the degree of the offense or the additional element or elements present. *Id.* at ¶ 18. Following our reasoning in *Pelfrey*, the appellate court in *Eafford* had determined that incorporating the indictment into the language of the verdict form was insufficient on its own to comply with R.C. 2945.72(A)(2). *Id.* at ¶ 7-8; *see Pelfrey* at ¶ 14. This court, however, concluded that "[t]he finding in the verdict cannot be described as error,

let alone an obvious defect in the trial proceedings, and it did not affect Eafford's substantial rights." *Eafford* at ¶ 18. Because Eafford had not shown that but for the use of the verdict form, the outcome of the trial would have been different, the court concluded that Eafford had failed to show plain error. *Id.* at ¶ 18-19.

{¶ 22} We note that in *McDonald* this court, without conducting a plain-error analysis, reversed a conviction for failure to comply with R.C. 2945.75(A)(2). Notably, our opinion in *McDonald* does not cite *Eafford* and is silent regarding whether McDonald had failed to object to the verdict form (thus forfeiting all but plain error). We further note that, while the court of appeals' decision in *McDonald* found that McDonald had failed to object to certain alleged errors and was thus required to show plain error regarding those alleged errors, 2012-Ohio-1528, ¶ 11, 23 (4th Dist.), it did not find any failure to object in regard to the verdict form and ultimately found that the verdict form complied with R.C. 2945.752(A)(2), *id.* at ¶ 7-10.

{¶ 23} Lower courts have indicated that our decisions in *Pelfrey*, *Eafford*, and *McDonald* have generated some confusion regarding whether plain-error analysis applies when a defendant fails to object to a verdict form's noncompliance with R.C. 2945.75(A)(2). *See, e.g.*, *State v. Shockey*, 2024-Ohio-296, ¶ 34 (3d Dist.). We accordingly take this opportunity to reaffirm our holding in *Eafford* that plain-error analysis does apply when a defendant fails to raise an objection to a verdict form's alleged noncompliance with R.C. 2945.75(A)(2). *Eafford* contains a full analysis of this question. *See Eafford* at ¶ 11-12. Moreover, neither *Pelfrey* nor *McDonald* contains any statement that plain-error analysis is inappropriate in these situations.

{¶ 24} In affirming our holding in *Eafford*, we note that other state supreme courts also apply plain-error analysis when reviewing alleged deficiencies in verdict forms. *See People v. Caffey*, 205 Ill.2d 52, 120 (2001) (applying plain-error analysis when a verdict form omitted some elements of the crime); *Stewart v. State*,

311 Ga. 471, 475 (2021) (examining a verdict form that deviated from the required pattern instruction under plain-error analysis); *Lehnert v. People*, 244 P.3d 1180, 1181-1182 (Colo. 2010) (holding that a verdict form's failure to include a required finding of fact constituted plain error); *Alaska Fur Gallery, Inc. v. First Natl. Bank Alaska*, 345 P.3d 76, 93-94 (Alaska 2015) (analyzing claims that the questions on a special verdict form resulted in a double reduction of a damages award under plain-error analysis); *Oglesby v. State*, 513 N.E.2d 638, 641 (Ind. 1987) (holding that the trial court plainly erred when the verdict form stated that the defendant was guilty of a class-B felony after he had been charged and convicted of a class-C felony).

{¶ 25} We further note that Mays had the burden of objecting to the verdict form in this case. When a trial court's error results in a lesser punishment for the defendant and accordingly prejudices the State, the State bears the burden of objecting and calling the trial court's attention to the error. *See State v. Breaston*, 83 Ohio App.3d 410, 413 (10th Dist. 1993); *State v. Lacey*, 2006-Ohio-4290, ¶ 33-34 (5th Dist.); *State v. Goodwin*, 2008-Ohio-378, ¶ 21 (9th Dist.). On the other hand, when a trial court's error results in a greater punishment for the defendant and accordingly prejudices the defendant, the defendant bears the burden of objecting and calling the trial court's attention to the error. *See Eafford*, 2012-Ohio-2224, at ¶ 11-12; *State v. Gleason*, 110 Ohio App.3d 240, 248 (9th Dist. 1996) ("the errors that a defendant is required to object to in the trial court are those that prejudice *him*" [emphasis in original]).

{¶ 26} In this case, the verdict form's alleged failure to comply with R.C. 2945.75(A)(2) prejudiced Mays, as the verdict form elevated his offense from a first-degree misdemeanor to a fifth-degree felony under R.C. 2919.27(B). Thus, Mays bore the responsibility of objecting. Because he failed to raise an objection at the trial-court level, he forfeited all but plain error on appeal.

{¶ 27} Under plain-error review, three elements must be met in order to find reversible error. There must first be a deviation from a legal rule, that deviation

must be an obvious defect in trial proceedings, and the deviation must have affected substantial rights. *Eafford* at ¶ 11, citing *State v. Payne*, 2007-Ohio-4642, ¶ 16. Even if we were to conclude that the verdict form failed to comply with R.C. 2945.75(A)(2), Mays fails to show plain error because the verdict form's deviation from R.C. 2945.75(A)(2) did not affect his substantial rights. It was uncontested below that Mays had previously been convicted of violating a protection order, and the jury in this case found Mays guilty of violating a protection order. Under R.C. 2919.27(B)(3)(c), violating a protection order is a felony of the fifth degree when the offender previously has been convicted of violating a protection order. Because it is uncontested that Mays's offense constituted a felony of the fifth degree, any deficiencies in the verdict form under R.C. 2945.75(A)(2) would not affect his substantial rights. We accordingly conclude that even if we were to find error under R.C. 2945.75(A)(2), we would be compelled to affirm the judgment of the Sixth District.

### III. CONCLUSION

{¶ 28} We answer the certified-conflict question in the affirmative and hold that the requirement in R.C. 2945.75(A)(2) that a guilty verdict state either the degree of the offense of which the offender is found guilty or additional element or elements is satisfied by a verdict form that cites the statutory section or sections mandating that the defendant be convicted of a higher-level offense. Because the verdict form in this case cited R.C. 2919.27(B)(3), which specifies that Mays's offense was a felony of the fifth degree, we conclude that the verdict form complied with R.C. 2945.75(A)(2). We further conclude that even if the verdict form contained an error, Mays failed to meet his burden of showing plain error. For these reasons, we affirm the judgment of the Sixth District Court of Appeals.

Judgment affirmed.

_____

**BRUNNER, J., joined by DONNELLY and STEWART, JJ., dissenting.**

## I.  INTRODUCTION

{¶ 29} After a jury trial, the jury rendered a verdict finding appellant, Mario D. Mays, guilty of "Violating a Protection Order, in violation of R.C. 2919.27(A)(1) and (B)(3)."  Under R.C. 2945.75(A)(2), the offense he was convicted of was one in which "one or more additional elements mak[e] [the] offense one of more serious degree," and consequently the guilty verdict was required to "state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present."  Because the verdict form did not state that Mays was convicted of a fifth-degree felony or set forth any aggravating elements, the "verdict constitute[d] a finding of guilty of the least degree of the offense charged," *id.*, which, in this case, was a first-degree misdemeanor, *see* R.C. 2919.27(B)(2) through (3).

{¶ 30} The majority's decision now concludes that even though the verdict form did not explicitly comply with R.C. 2945.75(A)(2), its reference to division (B)(3) of R.C. 2919.27 was close enough to stating the degree of the offense for it to impose on Mays a felony of the fifth degree.  The majority's decision then engages in obiter dictum analysis positing that even if the verdict form was insufficient under R.C. 2945.75(A)(2), Mays should be subject to plain-error analysis because he failed to object to the verdict form at trial.  However, if the legislature wanted a mere reference to a statutory division to be a substitute for stating "either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present," R.C. 2945.75(A)(2), to elevate the offense, it could and should have stated as much.  We are not the legislature.  To add language where none exists is to step out of our lane and place government out of balance, violating the separation-of-powers doctrine of our state Constitution.  *See, e.g.*, *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 134 (2000).

**{¶ 31}** Further, a plain-error analysis does not apply against Mays in this situation, because under R.C. 2945.75(A)(2) the verdict-form error was not to Mays's detriment. The omission of either the degree of the offense or its aggravating elements renders the verdict form capable of convicting Mays of only "the least degree of the offense charged," R.C. 2945.75(A)(2), which, in this case, was a first-degree misdemeanor, *see* R.C. 2919.27(B)(2) through (3). Mays should not be obligated to object when doing so would ensure that the verdict form was written in a way that would convict him of a felony rather than a misdemeanor. Until convicted, he is considered innocent, and an innocent person does not have the obligation to point to higher level crimes involving more serious guilty conduct for the actions he is accused of having taken.

**{¶ 32}** The majority's decision effectively adds language to the statute and places the burden on a defendant to act against his or her own interest by raising an objection that increases the defendant's criminal exposure. I respectfully dissent.

## II.  FACTS AND PROCEDURAL HISTORY

**{¶ 33}** I adopt the statement of facts and procedural history as set forth in the majority opinion.

## III.  ANALYSIS

### A.  Compliance with R.C. 2945.75(A)(2)

**{¶ 34}** It is undisputed that Mays was found guilty of violating a protection order under R.C. 2919.27, which provides:

> (A) No person shall recklessly violate the terms of any of the following:
>
> (1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code[.]

R.C. 2919.27(B) sets forth the offense levels:

(1) Whoever violates this section is guilty of violating a protection order.

(2) Except as otherwise provided in division (B)(3) or (4) of this section, violating a protection order is a misdemeanor of the first degree.

(3) Violating a protection order is a felony of the fifth degree if the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for any of the following:

(a) A violation of a protection order issued or consent agreement approved pursuant to section 2151.34, 2903.213, 2903.214, 2919.26, or 3113.31 of the Revised Code;

(b) Two or more violations of section 2903.21, 2903.211, 2903.22, or 2911.211 of the Revised Code, or any combination of those offenses, that involved the same person who is the subject of the protection order or consent agreement;

(c) One or more violations of this section.

(4) If the offender violates a protection order or consent agreement while committing a felony offense, violating a protection order is a felony of the third degree.

A violation of this statute is a misdemeanor unless an additional element specified in (B)(3)(a), (B)(3)(b), (B)(3)(c), or (B)(4) is factually found.

{¶ 35} The legislature has enacted R.C. 2945.75 to mandate that a jury indicate on the verdict form the level of offense it has found an offender to have committed:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

. . .

16

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

**{¶ 36}** We have significantly addressed R.C. 2945.75(A)(2) on three prior occasions and made clear that when applicable, the statute is to be strictly applied according to its terms. In *State v. Pelfrey*, 2007-Ohio-256, we stated:

Pelfrey's offense of tampering with records would have constituted a misdemeanor under R.C. 2913.42(B)(2)(a) but for the additional element that the records at issue were government records, a circumstance that elevates the crime to a third-degree felony under R.C. 2913.42(B)(4). However, neither the verdict form nor the trial court's verdict entry mentions the degree of Pelfrey's offense; nor do they mention that the records involved were government records. [R.C. 2945.75] provides explicitly what must be done by the courts in this situation: the "guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2). In this case, therefore, Pelfrey can be convicted only of a misdemeanor offense, which is the least degree under R.C. 2913.42(B) of the offense of tampering with records.

Because the language of R.C. 2945.75(A)(2) is clear, this court will not excuse the failure to comply with the statute or uphold Pelfrey's conviction based on additional circumstances such as those present in this case. The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by

presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form. We hold that pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.

*Id.* at ¶ 13-14.

{¶ 37} We next decided *State v. Eafford*, 2012-Ohio-2224, in which we considered whether a verdict form complied with R.C. 2945.75(A)(2). The verdict form in that case stated, "We, the Jury in this case being duly impaneled and sworn, do find the Defendant, Donald Eafford, guilty of Possession of Drugs in violation of [R.C. 2925.11(A)], as charged in Count Two of the indictment." *Id.* at ¶ 6. In that case, the defendant argued that he could not be convicted of a felony for possessing cocaine, because the verdict form did not specify that the drug in question was cocaine, which, he claimed, would have elevated the offense under R.C. 2945.75. *Id.* at ¶ 9. We observed, however, that the indictment charged Eafford with possession of cocaine, and the least degree of that offense is a felony of the fifth degree. *Id.* at ¶ 2, 17-19. In short, the offense at issue in *Eafford* was not one for which "additional elements [made] [the] offense one of more serious degree" such that R.C. 2945.75(A)(2) would have applied. Further, the evidence presented at trial proved that Eafford had possessed cocaine, and the trial court instructed the jury that it could find Eafford guilty only if it found the drug involved to be cocaine. *Id.* at ¶ 2. The jury, which found Eafford guilty as charged in the indictment, thus found him guilty of possession of cocaine as a felony of the fifth

degree, and the trial court did not plainly err in imposing its sentence accordingly. *Id.*

{¶ 38} A year after this court decided *Eafford*, we reiterated our holding in *Pelfrey* in our decision of *State v. McDonald*, 2013-Ohio-5042:

> In *Pelfrey*, this court addressed the specificity that R.C. 2945.75 requires in verdict forms in cases in which the degree of an offense becomes more serious with the presence of additional elements. The court held:
> "[P]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense."
> *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 14.
> This court called R.C. 2945.75 "a clear and complete statute" that "certainly imposes no unreasonable burden on lawyers or trial judges." *Id.* at ¶ 12. Its dictates are simple, and the resolution of cases that do not meet its requirements is also straightforward: "The statute provides explicitly what must be done by the courts [when R.C. 2945.75(A)(1) is not followed]: the 'guilty verdict constitutes a finding of guilty of the least degree of the offense charged.' R.C. 2945.75(A)(2)." *Id.* at ¶ 13.
> . . .
> *Pelfrey* makes clear that in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, the verdict form itself is the only relevant

thing to consider in determining whether the dictates of R.C. 2945.75 have been followed.

*McDonald* at ¶ 13-14, 17. In *McDonald*, this Court found that when a verdict form failed to specify that the offense was a third-degree felony and also failed to indicate that the defendant had "operate[d] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop," R.C. 2921.331(B), a defendant could be guilty only of a misdemeanor for "failure to comply with an order or signal of a police officer," R.C. 2921.331(C)(1) and (3). *McDonald* at ¶ 22-23, 25. The verdict form's indication that the offender had "Caused A Substantial Risk of Serious Physical Harm To Persons or Property," *id.* at ¶ 20, was insufficient by itself to elevate a violation of R.C. 2921.331 to a felony, *id.* at ¶ 24-25. We concluded that "a felony verdict form—if it does not state the degree of the offense—must state the elements that distinguish it from a misdemeanor offense." *Id.* at ¶ 24.

{¶ 39} There is no dispute in this case that the verdict form stated only that Mays was found guilty of "Violating a Protection Order, in violation of R.C. 2919.27(A)(1) and (B)(3)." Applying R.C. 2945.75(A)(2) strictly according to its terms, there is no dispute that the verdict form did not explicitly "state . . . the degree of the offense" that Mays was being found guilty of—a fifth-degree felony. Nor did it state "one or more additional elements" to make the "offense one of more serious degree," R.C. 2945.75(A)(2). The form did not provide the jury an opportunity to expressly find that Mays had been previously convicted of: (1) violating a protection order or consent agreement (R.C. 2919.27(B)(3)(a)), (2) two or more convictions of menacing, aggravated menacing, menacing by stalking, or aggravated trespass against the subject of the protection order (R.C. 2919.27(B)(3)(b)), (3) one or more prior violations of R.C. 2919.27 (R.C. 2919.27(B)(3)(c)), or (4) a violation of R.C. 2919.27 while committing a felony

offense (R.C. 2919.27(B)(4)).  The verdict form, in short, did not directly comply with R.C. 2945.75(A)(2)—even though we have previously found that such compliance is required, *see Pelfrey*, 2007-Ohio-256, at ¶ 14.

{¶ 40} The State, the Attorney General as amicus curiae in this case, and now the majority, take the position that the jury's reference to division (B)(3) in the verdict form finding Mays guilty sufficiently indicated the level of the offense to satisfy R.C. 2945.75(A)(2).  This might be a reasonable position if R.C. 2945.75(A)(2) were amended as follows: "A guilty verdict shall state ~~either~~ the degree of the offense of which the offender is found guilty, the statutory division of which the offender is found guilty, or that such additional element or elements are present."  But it hasn't been.  And to read it as if it has—as the majority's decision now does—is to amend the statute ourselves.  We are not the legislature.  If that is a wise change, the legislature should make it.  We are not empowered to stand in judgment of public policy, nor may we alter or amend it.

{¶ 41} Even if reference to the statutory division were sufficient, the jury's finding does not create a clear path to that conclusion in this case.  The jury found Mays guilty "of Count 1, Violating a Protection Order, in violation of R.C. 2919.27(A)(1) and (B)(3)."  The phrase "in violation of R.C. 2919.27(A)(1)" is a clear enough statement of the jury's finding.  One who violates R.C. 2919.27(A)(1) has "recklessly violate[d] the terms of . . . [a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code[.]"  But what does it mean for Mays to be "in violation of R.C. 2919.27 . . . (B)(3)?"  Unlike R.C. 2919.27(A)(1), division (B)(3) does not state any positive prohibition that a person could be "in violation of."  It states:

> (3) Violating a protection order is a felony of the fifth degree if the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for any of the following:

(a) A violation of a protection order issued or consent agreement approved pursuant to section 2151.34, 2903.213, 2903.214, 2919.26, or 3113.31 of the Revised Code;

(b) Two or more violations of section 2903.21, 2903.211, 2903.22, or 2911.211 of the Revised Code, or any combination of those offenses, that involved the same person who is the subject of the protection order or consent agreement;

(c) One or more violations of this section.

R.C. 2919.27(B)(3). Not only is it grammatically unclear how a defendant could be "in violation of" division (B)(3), it is unclear which of the three circumstances (if any) in subdivisions (B)(3)(a) through (c) applied to Mays. The mere mention of (B)(3)—and in a grammatically nonsensical way, at that—is simply not the same thing as stating the degree of the offense or requiring the jury to factually find the elevating elements.

### B. Plain error

{¶ 42} Despite the fact that the majority's decision finds that the verdict form complied with R.C. 2945.75(A), the decision then meanders through a lengthy dictum discussion in which it concludes that we should apply a plain-error analysis because Mays did not object to the verdict form at trial—even though the verdict form's error *benefited* him.

{¶ 43} Plain error is simply this:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an *accused's failure to meet his obligation to bring those errors to the attention of the trial court*. However, the accused bears the burden to demonstrate plain error on the record, *State v.*

22

*Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id.* We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id.* at ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

(First emphasis added.) *State v. Thomas*, 2017-Ohio-8011, ¶ 32-33.

{¶ 44} The first problem with the view that plain-error analysis applies here is that the statute itself states the consequence for failure to write a verdict form with sufficient specificity: "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present [so as to make an offense one of more serious degree]. *Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.*" (Emphasis added.) R.C. 2945.75(A)(2). It is farcical to analyze whether there is a "reasonable probability" that the verdict form affected the outcome, since the statute provides that it does. *See Thomas* at ¶ 33. Because the verdict form did not "state either the degree of the offense of which the offender [was] found guilty, or that [an] additional element or elements [were] present" so

as to make the offense one of more serious degree, the "guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2).

{¶ 45} The second and more serious problem with the majority's attempt to apply a plain-error analysis in Mays's case is that he did not have the obligation to raise the verdict-form issue. The statute clearly provides that a failure of a verdict form to comply with R.C. 2945.75(A)(2) results in the conviction's being the least serious degree of the offense. In Mays's case it was the *prosecution* that was aggrieved by the error because if Mays is successful on appeal, his conviction will be for the less-serious offense. *See State v. Bates*, 2022-Ohio-475, ¶ 20 ("the party that benefits from an error cannot be the party aggrieved"). So, the obligation lay with the State to bring to the attention of the trial court a more specific verdict form for the jury to use to make the necessary specific findings. *See Thomas* at ¶ 32.

{¶ 46} Counsel for an accused who is charged with a multi-level offense and who is presented with a verdict form that does not set forth the required language of R.C. 2945.75(A)(2) for a higher-level criminal conviction cannot be said to be obligated to betray his or her client's interest by objecting to and insisting that the verdict form be altered to *increase* the client's criminal exposure. At no time when the prosecution fails to present evidence on an element of an offense does the defense have a duty to remind the prosecution to do so or face a plain-error review when challenging the sufficiency of the conviction on appeal. The majority's dicta on plain-error analysis turns the adversarial system on its head and places the burden on counsel for the accused to act against a client's interest or else forfeit the error on appeal.

{¶ 47} The majority's decision is unsound in another way—its review of our precedent. It makes much of its belief that the issue whether to apply plain error was not analyzed in *Pelfrey* or *McDonald*. However, whether to apply plain error was, in fact, considered in both cases and rejected by the majority in both cases. In *Pelfrey*, the majority essentially held that plain-error review did not apply:

"The express requirement of the statute cannot be fulfilled by . . . showing that the defendant failed to raise the issue of the inadequacy of the verdict form." *Pelfrey*, 2007-Ohio-256, at ¶ 14. Justice O'Donnell (the authoring justice of the *Eafford* majority opinion) expressed confusion about this court's holding in *Pelfrey* in his dissenting opinion, stating that he "c[ould ]not understand" why the error was not deemed waived when Pelfrey "did not raise it in the trial court at a time that the court could have prepared a different verdict form," *Pelfrey* at ¶ 25 (O'Donnell, J., dissenting), so as to ensure that Pelfrey would be convicted of a felony rather than a misdemeanor, *id.* at ¶ 26-34 (O'Donnell, J., dissenting). The answer to Justice O'Donnell's query is that the issue was not forfeited, because it is not the defendant's obligation to object to a scantly drafted verdict form that by law resulted in his being convicted of a lesser—rather than greater—offense. As the majority in *Pelfrey* held, the statute itself specifies that failure to include the language on the jury form results in "'a guilty verdict constitut[ing] a finding of guilty of the least degree of the offense charged,' " *id.* at ¶ 12, quoting R.C. 2945.75(A)(2), precluding the possibility that an error would not affect the outcome of the case.

{¶ 48} In *McDonald*, although plain error was not explicitly analyzed in the written decision, the issue was raised by Justice O'Donnell during oral argument. Counsel for McDonald explained that since a verdict form's failure to comply with R.C. 2945.75(A)(2) results in a finding of the least degree of the offense charged, the burden to raise the issue and ensure that the verdict is intelligible as a higher-level offense rests on the prosecution. The Ohio Channel, *Case No. 2012-1177 State of Ohio v. Scotty R. McDonald*, at 4:50-6:55, https://www.ohiochannel.org /video/case-no-2012-1177-state-of-ohio-v-scotty-r-mcdonald (accessed Aug. 15, 2024). Notably, after this explanation, Justice O'Donnell did not author a dissent in *McDonald* raising plain error—perhaps signaling his agreement that plain error does not apply, as *Pelfrey* originally held. *See McDonald*, 2013-Ohio-5042. Nor,

for that matter, did any other dissenting justice in *McDonald* suggest that plain error would apply. *See id.* at ¶ 30-36 (French, J., dissenting). In short, contrary to the majority's supposition, plain error was considered and rejected in both *Pelfrey* and *McDonald*, and the majority provides no convincing basis for overruling either decision.

{¶ 49} Additionally, a plain-error analysis is inappropriate for verdict-form errors when such analysis opens the door to a court usurping the jury's fact-finding role. To notice plain error, the court must find that the error affected "substantial rights." *Eafford*, 2012-Ohio-2224, at ¶ 11. That has been interpreted to mean that the error must have affected the outcome of the trial. *Id.* In *Eafford*, the majority concluded that the alleged error with the jury-verdict form did not affect the outcome of the trial, because "[t]he state intended to prove the accused guilty of possession of cocaine, it did so, and the jury in accordance with its findings rendered a verdict in conformity with the evidence presented by the state that Eafford possessed cocaine." *Id*. at ¶ 18. The dissenting opinion in *Eafford* disagreed and noted the settled law that a court may not usurp the fact-finding of a jury through judicial findings. *Eafford* at ¶ 20 (Lanzinger, J., dissenting), citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *State v. Foster*, 2006-Ohio-856, *abrogated on other grounds by Oregon v. Ice*, 555 U.S. 160 (2009); *see also McDonald*, 2013-Ohio-5042, at ¶ 28 (Lanzinger, J., concurring).

{¶ 50} Here, the majority concluded (in dicta) that any deficiencies in Mays's verdict form under R.C. 2945.75(A)(2) would not affect his substantial rights, "[b]ecause it is uncontested that Mays's offense constituted a felony of the fifth degree," majority opinion, ¶ 27. But what if it was contested? What if a court, faced with a jury-verdict form that does not comply with R.C. 2945.75(A)(2) because it does not state the degree of the offense of which the offender is found guilty or that such additional element or elements are present, fills in the blanks for

purposes of its plain-error analysis with its own determination of what degree of the offense should apply or which additional factual elements it deems present? That would be a clear usurpation of the jury's fact-finding role in violation of *Apprendi* and related cases. For that reason, courts should use caution in adopting the majority's dicta in this case. Instead, the relevant question in cases asserting a violation of R.C. 2945.75(A)(2) is whether the verdict form complies with the plain language of the statute.

## IV. CONCLUSION

{¶ 51} The verdict form in this case did not "state either the degree of the offense of which the offender is found guilty, or that such additional element or elements [we]re present" so as to elevate the offense; therefore, the jury's verdict "constitutes a finding of guilty of the least degree of the offense charged," R.C. 2945.75(A)(2). Mays should not be convicted of a fifth-degree felony—he was found guilty instead of a first-degree misdemeanor. *See* R.C. 2919.27(B)(2) through (3). Moreover, because R.C. 2945.75(A)(2) is explicit about the consequence of a failure to include the necessary language and the lack of specificity in the verdict form would have benefited Mays, any burden to object to the error falls to the State—to whom the application of the plain-error doctrine has never applied in this case. We should answer the certified question in the negative and reverse the decision of the Sixth District Court of Appeals. Because the majority does not, I respectfully dissent.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Patituce & Associates, L.L.C., Joseph C. Patituce, and Catherine Meehan, for appellant.

Dave Yost, Attorney General, T. Elliot Gaiser, Solicitor General, and Samuel C. Peterson, Deputy Solicitor General, urging affirmance for amicus curiae, Ohio Attorney General Dave Yost.

_____