THE STATE OF OHIO, APPELLEE, *v.* CORKRAN, APPELLANT.

[Cite as State v. Corkran, 3 Ohio St. 2d 125.]

(No. 39017—Decided July 21, 1965.)

*Mr. Norman J. Putman*, prosecuting attorney, *Mr. Ira G. Turpin* and *Mr. James R. Unger*, for appellee.

*Messrs. Thom, Wolf, Allen, Swan & Kodak* and *Mr. Robert J. Swan*, for appellant.

ZIMMERMAN, J. In seeking a reversal of the judgment below, defendant advances three assignments of error claimed to be prejudicial.

First, he asserts that the trial court erroneously overruled his motion to require the prosecuting attorney to make available to him before trial for inspection and examination an oral statement he had given some months before trial concerning the stolen merchandise and his connection therewith, which statement had been reduced to writing and was in the possession of the prosecuting attorney.

In support of such claim defendant relies on Section 2317.33, Revised Code, found in the chapter entitled, "Evidence," and which reads in part:

"Either party, or his attorney, in writing, may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper, or document in his possession or under his control, containing evidence relating to the merits

of the action or defense * * *. If compliance with the demand within four days is refused, on motion and notice to the adverse party, the court or judge may order the adverse party to give the other, within the time specified, an inspection and copy, or permission to take a copy of such book, paper, or document. On failure to comply with such order, the court may exclude the paper or document if offered in evidence * * *."

As making the quoted statute applicable to a criminal case, defendant cites Section 2945.41, Revised Code, which provides:

"The rules of evidence in civil causes, where applicable, govern in all criminal causes."

The reason given by defendant for demanding the statement was that he had made it so long ago that he could not recall what he had said.

In the case of *State* v. *Yeoman,* 112 Ohio St. 214, 147 N. E. 3, this court expressly held that Section 11552, General Code (now Section 2317.33, Revised Code), did not apply to criminal cases and that a trial court is not compelled to issue an order requiring the prosecuting attorney before trial to allow the attorney for a defendant to inspect and make a copy of a purported confession made by the defendant.

And, in *State* v. *Sharp,* 162 Ohio St. 173, 122 N. E. 2d 684, the third paragraph of the syllabus flatly holds:

"In a criminal prosecution, defense counsel is not entitled to see and examine a purported written statement, admission or confession of the accused taken by and in the hands of the prosecuting attorney before trial."

See, also, *State* v. *Rhoads,* 81 Ohio St. 397, 91 N. E. 186, 27 L. R. A. (N. S.) 558.

By its very verbiage it would seem apparent that Section 2317.33, Revised Code, was not designed or intended to apply in criminal cases.

Defendant relies on dictum contained in the opinion in the case of *State* v. *Fox,* 133 Ohio St. 154, 158, 12 N. E. 2d 413, 416, to the effect that a pretrial inspection of a defendant's written confession could be successfully demanded by him. However, that was a case where three defendants were indicted and tried jointly for the commission of a noncapital felony, and the confession made by one implicated another who requested its in-

spection. The dictum relied on was not carried into the syllabus of the case and is not controlling over definite holdings to the contrary.

At most, the ordering of a pretrial inspection of defendant's written statement requested by him rests in the sound discretion of the trial court, and a clear abuse of such discretion would have to be shown before defendant could predicate error on such refusal. For its reasoning, see State v. Cala (Court of Appeals for Cuyahoga County), 35 N. E. 2d 758, beginning at page 760.

We find that defendant's first assignment of error is not well taken.

Next, defendant insists that it was essential to a valid conviction that the state prove the value of the stolen property allegedly received by him and that the jury should have been instructed to insert in its verdict, if a verdict of guilty was returned, the value as found by it.

In its general charge, the court told the jury:

"You do not have, in this case, to determine the value of the merchandise stolen—rather, I mean allegedly concealed and received—because the charge is that it was less than sixty dollars—that the value of the merchandise was less than sixty dollars—so you don't have to make a determination of that and you do not have to recite that in your verdict."

Section 2945.75, Revised Code, states:

"When an indictment or information charges an offense against property by larceny, receiving stolen property, embezzlement, wrongful conversion of property, or obtaining property by false pretenses, if the value thereof determines the degree of the offense or the punishment, the jury on conviction shall ascertain and declare in their verdict the value of such property."

We note from the bill of exceptions that counsel for defendant at the close of the state's case and again at the close of all the evidence moved generally for a directed verdict in favor of the defendant. We note further that at the close of the general charge a general objection was registered thereto and to each and every part thereof. However, the bill of exceptions does not disclose that counsel for the defendant at

any stage of the trial made express complaint of failure to prove the actual value of the stolen merchandise allegedly received and concealed by defendant; that the court's attention was called to that fact; that any charge was requested in conformity with Section 2945.75, Revised Code; nor that any express objection was registered to the form of verdict submitted to the jury in the event it should render a verdict of guilty nor to the verdict as returned.

The indictment herein was framed in the language of Section 2907.30, Revised Code, charging a misdemeanor, and defendant was sentenced as for the commission of a misdemeanor. Under the indictment as worded, neither the jury in rendering a general verdict of guilty nor the court in imposing sentence could raise the offenses charged above the status of misdemeanors. The very description in the indictment and in the evidence of the stolen merchandise which defendant allegedly knowingly received and concealed demonstrates that it possessed some value.

Section 1.03, Revised Code, in its pertinent part, reads:

"As used in any section of the Revised Code for the violation of which there is provided a penalty or forfeiture, unless the context otherwise requires, 'anything of value' includes:

"* * *

"(B) Goods and chattels * * *."

Under the narrated circumstances, we think that the principle adopted and enunciated in the case of *State* v. *Park,* 174 Ohio St. 81, 186 N. E. 2d 736, should be applied here—no prejudicial error. See, also, Section 2945.83 (E), Revised Code.

Lastly, defendant contends that the court should not have charged on the subject of circumstantial evidence since the state relied on direct evidence to make its case. In addition, it is claimed that the charge on that subject as given was incomplete and misleading and that the written instruction on circumstantial evidence requested by defendant both before and after the general charge should have been submitted to the jury.

It is shown by the bill of exceptions that the state relied on both direct and circumstantial evidence in presenting its case

against defendant, so the inclusion in the general charge of an instruction on that subject was proper.

It is well settled in this state that in a criminal case it is not obligatory on the court to give any special instructions to the jury, but that, if requested special instructions are correct and pertinent, they must be included, at least in substance, in the general charge. *State* v. *Barron*, 170 Ohio St. 267, 164 N. E. 2d 409.

The special instruction on circumstantial evidence requested by defendant is as follows:

"3. Now, evidence may be either direct or circumstantial or both and by circumstantial evidence is meant the proof of certain facts and circumstances in a given case from which a jury may reasonably and logically and directly infer to the connected facts and circumstances. In making inferences from facts, you may not make an inference upon an inference, but may only draw such inferences which logically flow from the proof of facts. In order to warrant a conviction of a criminal offense upon circumstantial evidence, it is necessary that the circumstantial evidence be so clear and convincing so as to exclude every reasonable doubt; and in order to warrant a conviction upon circumstantial evidence alone, the facts and circumstances must be such as to exclude any other reasonable hypothesis, but the single one of the defendant's guilt."

In its general charge, the court told the jury:

"Evidence may be either direct or circumstantial, or both. Direct evidence is where someone actually sees something or hears something and can come into court and positively state what he actually sees or hears and makes a statement in regard to it.

"The law provides, however, that circumstantial evidence alone, where sufficient to convince the jury beyond a reasonable doubt, would be sufficient to justify a conviction.

"Circumstantial evidence is proof of facts standing or existing in such relation to the ultimate fact or facts to be proven that such ultimate facts may be inferred or deduced from such surrounding fact or facts.

"However, before there can be any legal conviction of the

defendant in this case, on either charge, the evidence, whether it be direct or circumstantial, or circumstantial alone, must be so clear and convincing as to exclude from your minds, and from the mind of each one of you, all reasonable doubt of the guilt of the defendant.''

It is our opinion that the charge on circumstantial evidence as given sufficiently included the essential correct elements of defendant's requested special instruction and that no error prejudicial to defendant was committed in this respect.

We find no reversible error in the judgment of the Court of Appeals, and such judgment is affirmed.

*Judgment affirmed.*

MATTHIAS, KERNS, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurs in paragraphs two and three of the syllabus, but dissents from paragraph one of the syllabus and from the judgment.

KERNS, J., of the Second Appellate District, sitting for O'NEILL, J.