OPINION
{¶ 1} David L. Pelfrey appeals from his conviction and sentence on a third-degree felony charge of tampering with records.
 {¶ 2} In his sole assignment of error, Pelfrey contends the trial court erred in entering a conviction for a third-degree felony based on his offense involving government records, as opposed to tampering with non-government records, which would have been a misdemeanor.
 {¶ 3} In support of his assignment of error, Pelfrey advances four arguments. First, he contends the verdict form and the trial court's subsequent verdict entry were inadequate to support a conviction for tampering with records as a third-degree felony. Second, he asserts that the trial court's jury instructions failed to support a conviction for tampering with records as a third-degree felony. Third, he claims the indictment did not give him "fair and adequate notice" that he faced a third-degree felony charge for tampering with government records rather than a misdemeanor charge for simple tampering with records. Finally, he advances an ineffective assistance of counsel argument based on his attorney's failure to raise the foregoing issues at trial.
 {¶ 4} The record reflects that Pelfrey was charged for his role in a scheme that involved issuing an undercover state employee a fraudulent "E-Check" waiver in exchange for thirty dollars. See State v. Pelfrey,
Montgomery App. No. 19955, 2004-Ohio-3401. A jury found him guilty, and the trial court imposed a four-year sentence. We affirmed Pelfrey's conviction on appeal, rejecting a manifest-weight-of-the-evidence argument. Id. Pelfrey subsequently filed an application to reopen the appeal under App.R. 26(B). We granted the application on November 2, 2004, and this appeal followed.
 {¶ 5} In his first argument, Pelfrey contends the verdict form and the trial court's verdict entry were inadequate to support his conviction for tampering with records as a third-degree felony. In support, Pelfrey cites R.C. § 2945.75, which states:
 {¶ 6} "(A) When the presence of one or more additional elements makes an offense one of more serious degree:
 {¶ 7} * * *
 {¶ 8} "(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
 {¶ 9} The statute under which Pelfrey was convicted, R.C. § 2913.42, prohibits, inter alia, falsifying any writing, data, or record. The parties agree that Pelfrey's offense would have been a misdemeanor but for the additional element that the records at issue were alleged to be "government records," which elevates the crime to a third-degree felony. See R.C. § 2913.42(B)(4). Pelfrey properly notes, however, that the verdict form and the trial court's later verdict entry neither mentioned the degree of his offense nor that "government records" were found by the jury to have been involved.
 {¶ 10} The verdict form signed by the jury stated: "We, the jury, upon the issues joined in this case, do find the Defendant, David L. Pelfrey, Guilty of the offense of Tampering With Records as charged in the indictment." In turn, the indictment alleged, inter alia, that Pelfrey "did falsify * * * any writing, * * * data or record, to wit: E-check Vehicle Inspection Report * * * belonging to a local, state or federal governmental entity[.]"
 {¶ 11} Given that the verdict form merely referenced the indictment and failed to state either the degree of the offense of which he was found guilty or that the jury had found the existence of government records, Pelfrey contends under R.C. § 2945.75(A)(2) the trial court was obligated to enter a misdemeanor conviction.
 {¶ 12} In response, the State essentially raises a substantial-compliance argument, asserting that the failure of a verdict form to comply with R.C. § 2945.75(A)(2) does not constitute reversible error when the verdict incorporates the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating element, and the defendant never objected at trial. The State then notes that the verdict form in the present case summarily referred to the offense "charged in the indictment." The State also asserts that the essence of the indictment was conveyed to the jury, the indictment mentioned the existence of government records, and language regarding government records was included in the jury charge. In addition, the State argues that the evidence overwhelmingly established the existence of government records and that Pelfrey waived the deficiency in the verdict form by failing to object at trial.
 {¶ 13} Upon review, we find Pelfrey's argument to be persuasive. Although the State cites several older cases to support its claim that the failure of Pelfrey's verdict form to comply with R.C. § 2945.75(A)(2) does not constitute reversible error, the State fails to mention our recent decision in State v. Woullard, 158 Ohio App.3d 31, 2004-Ohio-3395, which is dispositive of the issue before us and the specific arguments raised by the State.
 {¶ 14} In Woullard, the defendant was convicted of felony domestic violence based on the existence of a prior domestic violence conviction. In that case, the indictment referenced the prior conviction, the trial court charged the jury that it had to find a prior domestic violence conviction in order to find the defendant guilty, the verdict form failed to mention the degree of the offense or make a finding as to the existence of a prior conviction as required by R.C. § 2945.75(A)(2), and the defendant failed to object to the defect in the verdict form. Upon review, we concluded that the verdict form's failure to comply with R.C. § 2945.75(A)(2) constituted reversible error.
 {¶ 15} In our analysis, we declined to follow State v. Woods (1982),8 Ohio App.3d 56, and distinguished State v. Corkran (1965),3 Ohio St.2d 125, two cases relied upon by the State herein. We reasoned as follows:
 {¶ 16} "The state relies on State v. Woods (1982), 8 Ohio App.3d 56, 8 OBR 87, 455 N.E.2d 1289, wherein the Eighth District Court of Appeals held that a verdict's failure to comply with R.C. 2945.75(A)(2) does not constitute reversible error when `the verdicts incorporate the language of the indictments, the evidence overwhelmingly shows the presence of the aggravating circumstances, and defendants never objected at trial to the form of the verdicts.' Id. at 63, 8 OBR 87, 455 N.E.2d 1289.
 {¶ 17} "The three Woods requirements are satisfied here. Defendant never objected to the form of the jury's verdict. There was uncontradicted evidence of the aggravating circumstance. And, at least to the extent that it mentioned the `language of the indictments' by way of that summary reference, the verdict incorporates that language of the indictment. Nevertheless, we decline to follow Woods because we believe that its logic is flawed in at least two ways.
 {¶ 18} "First, Woods cites and relies on State v. Corkran (1965),3 Ohio St.2d 125, 32 O.O.2d 132, 209 N.E.2d 437, which found that a verdict form that did not include an express finding of the value of property allegedly stolen was nevertheless sufficient because the defendant was charged with stealing property having a value of less than $60, the minimum value among two or more which the theft statute identified, and `[t]he very description in the indictment and in the evidence of the stolen merchandise * * * demonstrates that it possessed some value.' Id. at 130, 32 O.O.2d 132, 209 N.E.2d 437.
 {¶ 19} "Here, unlike in Woods, defendant-appellant was convicted of an alternative greater degree of the offense charged, not the threshold or minimal level of the statutory offense. The jury was therefore required to reach a particular finding in order to return a verdict of guilty with respect to the greater offense. In Woods, the basic finding was implicit in the verdict the jury returned.
 {¶ 20} "Second, a substantial-compliance test ignores the further limitation the General Assembly imposed when it enacted the finding requirement in R.C. 2945.75(A)(2), which states: `Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.' It is noteworthy that the version of R.C. 2945.75
involved in Corkran contained no similar limitation. The General Assembly presumably added it for some purpose. Engrafting a judicial rule of substantial compliance defeats that purpose and the statutory mechanism the General Assembly adopted to enforce it.
 {¶ 21} "We are also instructed by the General Assembly that `sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.' R.C. 2901.04(A). This does not prohibit the use of substantial-compliance tests, and the substantial-compliance factors set out in Woods impose the highest of standards. Nevertheless, the R.C.2901.04(A) enjoinder makes it difficult to put aside the consequence that R.C. 2945.75(A)(2) plainly imposes for a failure to comply with its findings requirement: that, otherwise, the guilty verdict returned `constitutes a finding of guilty of the least degree of the offense charged.' Id.
 {¶ 22} "These considerations cause us to conclude that, on the verdict returned, the trial court erred when it convicted defendant-appellant of the charged offense of domestic violence, R.C. 2919.25(A), as a fifth-degree felony instead of a first-degree misdemeanor, which is the least degree of that offense per R.C. 2919.25(D). Further, because the error is structural in nature, it is not waived by defendant-appellant's failure to object." Woullard, supra, at 40-41.
 {¶ 23} The foregoing analysis is equally applicable herein. Pelfrey was charged with tampering with records. The offense would be a first-degree misdemeanor but for the fact that the records at issue were alleged to be government records. As noted above, this additional element elevates the offense to a third-degree felony. Contrary to R.C. §2945.75(A)(2), however, the verdict form failed either to state the degree of the offense of which Pelfrey was convicted or to state that the aggravating government-records element had been found by the jury. Pelfrey's failure to raise this defect at trial did not waive it, and the fact that the indictment and jury instructions addressed the government-records issue did not cure the non-compliance with R.C. §2945.75(A)(2). Woullard, supra, at 40-41. As a result, the trial court was required to enter a conviction for first-degree misdemeanor tampering with records, which is the least degree of the offense under R.C. §2913.42.
 {¶ 24} Finally insofar as our earlier unreported opinion in State v.Berezoski (Dec. 17, 1986), Montgomery App. No. 9568, which is cited in the State's appellate brief, conflicts with our more recent decision inWoullard, we will follow Woullard, which we find to be more persuasive. In Berezoski, we relied largely on Woods, supra, to find that non-compliance with R.C. § 2945.75(A)(2) was not reversible error where "the language of the indictments was read to the jury in the final instructions to the jury, the verdicts incorporated the language of the indictment, the evidence overwhelmingly showed the presence of the aggravating circumstances * * * and the defendant never objected at trial to the form of the indictment."
 {¶ 25} In Berezoski, however, we failed to address the three key points we subsequently recognized in Woullard: (1) that Woods is unpersuasive given that it relied on Corkran, a distinguishable Ohio Supreme Court decision, (2) that R.C. § 2945.75(A)(2) was amended afterCorkran to mandate a conviction on the least degree of the offense charged when the requirements of the statute are not satisfied, and (3) that we are compelled by R.C. § 2901.04 to construe statutes defining offenses and penalties strictly against the State. As a result, we will adhere to our more recent decision in Woullard.
 {¶ 26} Based on the reasoning set forth above, we sustain Pelfrey's assignment of error, reverse the judgment of the Montgomery County Common Pleas Court, and remand the cause for the trial court to enter a judgment convicting Pelfrey of tampering with records as a first-degree misdemeanor and to impose a sentence accordingly.[1]
 {¶ 27} Judgment reversed and cause remanded.
Wolff, J., and Grady, J., concur.
[1] Having found Pelfrey's first argument in support of his assignment of error to be persuasive, we need not address his other three arguments, as they are moot.