Grady, Presiding Judge,
concurring.
{¶ 14} Section 16, Article I of the Ohio Constitution guarantees all persons a “remedy by due course of law.” The provision is the equivalent of the due-process requirements of the federal constitution. Adler v. Whitbeck, 44 Ohio St. 539, 9 N.E. 672 (1887); Sorrell v. Thevenir, 69 Ohio St.3d 415, 633 N.E.2d 504 (1994). Unlike the due-process clause, however, Section 16, Article I is not an independent source of self-executing provisions. “Rather, it is a statement of fundamental ideals upon which a limited government is created. But it requires other provisions of the Ohio Constitution or legislative definition to give it practical effect.” State v. Williams, 88 Ohio St.3d 513, 523, 728 N.E.2d 342 (2000).
{¶ 15} R.C. 2945.75 is a legislative enactment that by its terms gives practical effect to the due-course-of-law principle in Section 16, Article I. It imposes a procedural requirement that, like procedural due process, is concerned with the *683 fairness of procedures that the government must follow before a person is deprived of life, liberty, or property. R.C. 2945.75 was enacted by the General Assembly pursuant to the broad legislative powers that Section 1, Article II of the Ohio Constitution confers. R.C. 2945.75 imposes a limitation on the exercise of the state’s inherent police power and in that respect, also confers a concomitant positive right on criminal defendants.
{¶ 16} R.C. 2901.04(A) provides that “sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.” We cited that provision in State v. Pelfrey, 2nd Dist. No. 19955, 2005-Ohio-5006, 2005 WL 2327123, ¶ 21,[4] as a basis to reject a rule of substantial compliance with R.C. 2945.75. The Supreme Court affirmed our decision in State v. Pelfrey, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, holding that “additional circumstances,” id. at ¶ 14, such as overwhelming evidence of an aggravating circumstance or a defendant’s failure to object to a jury instruction concerning the aggravating circumstance, cannot cure failures to comply with the express terms of R.C. 2945.75. The same would apply to the matters of waiver or acquiescence to which Judge Hall refers. To so hold would offend the “due course of law” requirement that R.C. 2945.75 imposes.

. In Pelfrey, we followed our prior holding in State v. Woullard, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964.