[Cite as *State v. Shockey*, 2025-Ohio-328.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      CASE NO. 9-23-22

      PLAINTIFF-APPELLEE,

      v.

DOUGLAS SHOCKEY,      **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 21CR0241

Judgment Affirmed

Date of Decision: February 3, 2025

APPEARANCES:

    *April F. Campbell* **for Appellant**

    *David Stamolis* **for Appellee**

**WALDICK, P.J.**

{¶1} This case is before this court on remand from the Supreme Court of Ohio. *State v. Shockey*, 2024-Ohio-5176. Based on the Supreme Court of Ohio's instructions, we will reevaluate Shockey's first assignment of error related to facially deficient verdict forms under the plain error standard as articulated in *State v. Mays*, 2024-Ohio-4616. For the reasons that follow, we now affirm the judgment of the trial court in its entirety.[1]

*Background*

{¶2} This case was originally before this court on appeal from the March 13, 2023 judgment entry of the Marion County Common Pleas Court convicting defendant-appellant, Douglas Shockey ("Shockey"), of two counts of Assault against a Peace Officer and one count of Obstructing Official Business. In Shockey's direct appeal to this court, he argued, *inter alia*, that the verdict forms were deficient because the forms did not contain the aggravating elements or the degrees of the offenses. Shockey argued that pursuant to R.C. 2945.75(A)(2) and the Supreme Court of Ohio's case law interpreting the statute such as *State v.*

---

[1] Shockey asserted six assignments of error in his direct appeal. We overruled all assignments of error except for the first assignment of error related to verdict forms. The Supreme Court of Ohio did not alter our opinion with regard to the other assignments of error, therefore the original opinion remains controlling on those issues.

*Pelfrey*, 2007-Ohio-256, his convictions had to be reduced to the lowest forms of the offenses.

{¶3} We analyzed Shockey's arguments and noted that the Supreme Court of Ohio's jurisprudence had presented "seemingly conflicting legal authority on verdict forms," particularly as to how the plain error doctrine should be applied, if at all, given that R.C. 2945.75(A)(2) mandates that "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Ultimately we followed what was, at the time, the Supreme Court of Ohio's most recent pronouncement on the topic of verdict forms, *State v. McDonald*, 2013-Ohio-5042, wherein the Court indicated that review of issues related to verdict forms were confined to the verdict form itself. Thus we held that we could not look to the evidence to overcome any deficiencies in the verdict forms.

{¶4} Based on *McDonald*, we determined Shockey's verdict forms were insufficient to convict him of the elevated offense of Assault against a Peace Officer because the additional elements that enhanced the crimes of Assault (that the victims were peace officers) were not present in the verdict form and the degrees of the offenses were not stated. Similarly, we held that the verdict form was insufficient to convict Shockey of the elevated offense of Obstructing Official Business because the additional element (that the violation created a risk of physical harm to any

person) was not present in the verdict form and the degree of the offense was not stated. *State v. Shockey*, 2024-Ohio-296, ¶ 42 (3d Dist).

**{¶5}** In *State v. Mays*, 2024-Ohio-4616, the Supreme Court of Ohio clarified that plain error review should apply in this situation, permitting us to look beyond the four corners of the verdict form. The Court held that the defendant had the burden to object to a deficient verdict form, and if the defendant did not, we apply a plain error analysis rather than the statutory remedy. *Shockey* was summarily reversed for us to apply *Mays*. *State v. Shockey*, 2024-Ohio-5176. We will now address Shockey's first assignment of error related to his verdict forms, applying the Supreme Court of Ohio's holding in *Mays*.

**First Assignment of Error**

**Shockey's convictions and sentences should be reversed because the verdict forms do not comply with R.C. 2945.75: There was no special finding or degree of offense listed in the verdict forms to convict Shockey and sentence him, on anything more than three misdemeanors.**

**{¶6}** In his first assignment of error, Shockey argues that all three of his verdict forms did not contain the degrees of the offenses or the additional enhancing elements of the offenses pursuant to R.C. 2945.75(A)(2), thus he argues that he could only be convicted of the lowest forms of the offenses pursuant to *State v. Pelfrey*, 2007-Ohio-256.

{¶7} In Shockey's original appeal, we found that his verdict forms were deficient, and we do so again here in the same analysis:

> A plain reading of the verdict forms establishes that Counts 2 and 3 related to Assault do not mention the aggravating element that the victim was a peace officer in the performance of his official duties. The verdict forms also do not cite the statutory subsection related to that enhancing element, or cite the degree of the offense.
>
> Similarly, Count 3 related to Obstructing Official Business does not state the aggravating element of creating a risk of physical harm to any person. In addition, the verdict form did not cite the degree of the offense.

*State v. Shockey*, 2024-Ohio-296, ¶ 38-39 (3d Dist.).

{¶8} In the prior appeal, we applied the Supreme Court of Ohio's holding in *State v. McDonald*, 2013-Ohio-5042, and determined that we could only look at the four corners of the verdict form to determine whether there was error under R.C. 2945.75(A)(2). Thus we found that there was error, that the error was reversible, and that the convictions had to be reduced to the lowest forms of the offenses. However, in reaching our holding, we noted that:

> we are not unsympathetic to the State's argument that if we applied [a plain error analysis] and looked outside of the jury verdict form, plain error would not be apparent here given that the jury verdict forms referenced the indictment and given that the evidence was undisputed that the victims were police officers acting in their official capacity.

*Shockey* at ¶ 41.

{¶9} Now, the Supreme Court of Ohio has clearly stated that plain error review should apply in this instance. "Under plain-error review, three elements must be met in order to find reversible error. There must first be a deviation from a legal rule, that deviation must be an obvious defect in trial proceedings, and the deviation must have affected substantial rights." *Mays* at ¶ 27.

{¶10} Here, there was a deviation from a legal rule when the verdict forms did not comply with R.C. 2945.75(A)(2). However, Shockey did not object to the error, and we do not find that the errors related to the verdict forms affected Shockey's substantial rights.

{¶11} The evidence was clear that Shockey "kicked officers [acting in their official capacity] multiple times and he kicked one officer after he said he would no longer be kicking if he was allowed to get up. Further, Shockey also affirmatively stated that he would not be handcuffed, indicating his desire to resist detainment." *Shockey* at ¶ 15. The evidence established that Shockey committed an Assault, and it was essentially undisputed that the victims were peace officers acting in their official capacity. Thus there is no plain error with regard to the Assault against a Peace Officer convictions under *Mays*.

{¶12} Similarly, we find no plain error with regard to the Obstructing Official Business conviction. The aggravating element in Obstructing Official Business here was that Shockey "create[d] a risk of physical harm to any person."

Given that the officers were actually harmed according to the evidence while Shockey obstructed official business, we find no plain error here under *Mays*.

{¶13} After applying *Mays* to this case as directed by the Supreme Court of Ohio, we find no plain error here. Therefore, Shockey's first assignment of error is overruled.

*Conclusion*

{¶14} Having found no error prejudicial to Shockey in the particulars assigned and argued, the judgment of the Marion County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlm**