[Cite as *State v. Thomas*, 2025-Ohio-603.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  CASE NO. 9-23-65

  v.

TEDDY THOMAS, III,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 22-CR-115

**Judgment Affirmed**

**Date of Decision: February 24, 2025**

APPEARANCES:

    *April F. Campbell* **for Appellant**

    *Allison M. Kesler* **for Appellee**

**WALDICK, P.J.**

{¶1} In this case, defendant-appellant, Teddy Thomas, III ("Thomas"), initially filed a direct appeal of the September 6, 2023 judgment of conviction and sentence entered against him in the Marion County Court of Common Pleas, following a jury trial in which Thomas was found guilty of multiple felony offenses. In *State v. Thomas*, 2024-Ohio-1534 (3d Dist.), this Court affirmed in part and reversed in part. The reversal related to deficient verdict forms as to two of the counts upon which Thomas had been convicted. *Id.*

{¶2} The plaintiff-appellee, State of Ohio, then appealed the verdict form issue to the Supreme Court of Ohio, who subsequently reversed our decision in the case. *State v. Thomas*, 2024-Ohio-5177.

{¶3} This appeal is now before this Court on remand from the Supreme Court of Ohio, for application of that Court's decision in *State v. Mays*, 2024-Ohio-4616, to this case. *State v. Thomas*, *supra*, 2024-Ohio-5177. On remand, we reevaluate Thomas's sixth assignment of error, relating to the facially deficient verdict forms, in light of the standards articulated by the Supreme Court of Ohio in *State v. Mays*. For the reasons set forth below, we now affirm the judgment of the trial court in all respects.

*Procedural Background*

{¶4} This case originated on February 16, 2022, when a Marion County grand jury returned a five-count indictment against Thomas, charging him as follows:  Count 1 – Attempted Murder, a first-degree felony in violation of R.C. 2923.02 and R.C. 2903.02(A); Count 2 – Felonious Assault, a first-degree felony in violation of R.C. 2903.11(A) and (D)(1)(a); Count 3 – Aggravated Burglary, a first-degree felony in violation of R.C. 2911.11(A); Count 4 – Domestic Violence, a fourth-degree felony in violation of R.C. 2919.25(A) and (D)(3); and Count 5 – Inducing Panic, a fourth-degree felony in violation of R.C. 2917.31(A)(2) and (C)(3).  Counts 1, 2, and 3 also each contained a Repeat Violent Offender ("RVO") specification pursuant to R.C. 2941.149(A).

{¶5} On July 25, 2023, a jury trial commenced in the case.  During the course of the three-day trial, both the prosecution and the defense presented evidence.

{¶6} On July 27, 2023, the jury received the case for deliberation.  Later that same date, the jury returned verdicts on all counts.  Thomas was found guilty on Counts 1, 2, 4, and 5.  On Count 3, Thomas was found not guilty on the originally indicted charge of Aggravated Burglary, but was found guilty of the lesser included offense of Burglary.

{¶7} On August 31, 2023, a sentencing hearing was held. Prior to proceeding to sentencing, the trial court found Thomas to be guilty of the RVO specifications in Counts 1 and 2 of the indictment, but found that the RVO specification in Count

3 was not applicable to the lesser included offense of which Thomas had been found guilty. The trial court further found that Count 1 and Count 2 were allied offenses of similar import and must be merged, and the prosecution elected to proceed to sentencing on Count 1.

{¶8} The trial court then sentenced Thomas as follows: Count 1 – an indefinite prison term consisting of a minimum 11 years and a potential maximum of 16 ½ years, plus an additional 10-year prison term for the RVO specification; Count 3 – 8 years in prison; Count 4 – 18 months in prison; and Count 5 – 18 months in prison. The trial court ordered that all prison terms be served consecutively, for an aggregate minimum sentence of 32 years in prison up to a maximum of 37 ½ years in prison.

{¶9} In the initial direct appeal, *State v. Thomas*, 2024-Ohio-1534 (3d Dist.), Thomas raised six assignments of error for our review. This Court overruled all assignments of error except for the sixth assignment of error relating to the verdict forms on Counts 4 and 5. *Id.* As to Counts 4 and 5, we found the verdict forms insufficient to convict Thomas of the crimes charged in those counts, as those verdict forms did not set forth additional enhancing elements of the indicted offenses, nor did the verdict forms indicate the degree of the offenses charged. *Id.* Given the incomplete verdict forms, we found that Thomas could only be properly convicted of the lowest forms of the offenses charged in Counts 4 and 5, pursuant to R.C. 2945.75 and *State v. Pelfrey*, 2007-Ohio-256. *Id.* Accordingly, we reversed

Thomas's convictions on Counts 4 and 5, and remanded the case for the trial court to enter judgment convicting Thomas of the lowest forms of the offenses charged in those two counts and to impose sentence on the lowest forms of the offenses at issue. *Id.*

{¶10} As noted above, the State of Ohio then appealed our decision in this case to the Supreme Court of Ohio. The Supreme Court of Ohio accepted the appeal, and then stayed proceedings in the case pending the outcome of that Court's decision in *State v. Mays*, Supreme Court case number 2023-0839. See announcement at 2024-Ohio-3096.

{¶11} On September 25, 2024, the Supreme Court of Ohio issued its decision in *State v. Mays*, 2024-Ohio-4616.

{¶12} On October 31, 2024, the Ohio Supreme Court reversed our judgment in this case, and remanded the case to this Court for application of *State v. Mays* to this matter. *State v. Thomas*, 2024-Ohio-5177.

*Analysis on Remand*

{¶13} On remand, we now reevaluate Thomas's sixth assignment of error, relating to the facially deficient verdict forms on Counts 4 and 5, in light of the standards articulated by the Supreme Court of Ohio in *State v. Mays*. For the reasons set forth below, we now affirm the judgment of the trial court in all respects.[1]

---

[1] The decision of the Supreme Court of Ohio in this case did not alter our prior decision in *State v. Thomas*, 2024-Ohio-1534 (3d Dist.), with regard to the first five assignments of error. Therefore, that original opinion remains controlling on all other issues.

**Sixth Assignment of Error**

**Thomas's convictions and sentences for domestic violence and inducing panic should be reversed because the verdict forms do not comply with R.C. 2945.75: There was no special finding or degree of offense listed in the verdict forms to convict Thomas and sentence him, on anything more than two misdemeanors.**

*Sixth Assignment of Error*

{¶14} In the sixth assignment of error, Thomas argues that the verdict forms relating to Count 4 (Domestic Violence) and Count 5 (Inducing Panic) were insufficient to convict him of the level of those two offenses as charged in the indictment.

{¶15} In Count 4, Thomas was charged with Domestic Violence, a fourth-degree felony in violation of R.C. 2919.25(A) and (D)(3). Pursuant to R.C. 2919.25(D)(2), Domestic Violence in violation of R.C. 2919.25(A) is a misdemeanor of the first degree. However, pursuant to R.C. 2919.25(D)(3), Domestic Violence is a felony of the fourth degree if, as indicted here, the offender has previously been convicted of an offense of violence and the victim of the prior offense was family or household member at the time.

The verdict form for Count 4 read:

We, the jury in this case, being duly impaneled and sworn, find the Defendant, Teddy Gene Thomas, III *GUILTY on the offense of Domestic Violence [R.C. 2929.25(A)] as charged in Count 4 of the Indictment.

(Brackets in original.) (Docket No. 174).

-6-

{¶16} In Count 5, Thomas was charged with Inducing Panic, a fourth-degree felony in violation of R.C. 2917.31(A)(2) and (C)(3). Pursuant to R.C. 2917.31(C)(2), Inducing Panic in violation of R.C. 2917.31(A)(2) is a misdemeanor of the first degree. However, pursuant to R.C. 2917.31(C)(3), Inducing Panic is a felony of the fourth degree if, as was indicted here, the violation results in physical harm to any person.

> The verdict form for Count 5 read:
>
> We, the jury in this case, being duly impaneled and sworn, find the Defendant, Teddy Gene Thomas, III *GUILTY on the offense of Inducing Panic [R.C. 2917.31(A)(2)] as charged in Count 5 of the Indictment.

(Brackets in original.) (Docket No. 175).

{¶17} Because the verdict forms for Count 4 and Count 5 did not set forth the additional enhancing, or aggravating, elements of the indicted offenses, nor did the verdict forms indicate the degree of the offense charged, Thomas asserts that he could only be properly convicted of the lowest forms of those two offenses, pursuant to R.C. 2945.75 and *State v. Pelfrey*, 2007-Ohio-256.

> R.C. 2945.75(A)(2) provides the following with regard to verdicts:
>
> (A) When the presence of one or more additional elements makes an offense one of more serious degree:
>
> * * *
>
> (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶18} In *State v. Pelfrey*, 2007-Ohio-256, the Supreme Court of Ohio considered the effect of noncompliance with R.C. 2945.75(A)(2). In that case, Pelfrey was convicted of Tampering with Records, a third-degree felony in violation of R.C. 2913.42(A)(1) and (B)(4). *Id.*, at ¶ 3. Pursuant to R.C. 2913.42(B)(3)(a), Tampering with Records in violation of R.C. 2913.42(A)(1) is a misdemeanor of the first degree; however, pursuant to R.C. 2913.42(B)(4), if the records at issue are kept by or belong to a governmental entity, that additional element elevates the crime to a felony of the third degree.

{¶19} In *Pelfrey*, the defendant was indicted with the third-degree felony version of Tampering with Records, with the charge including the enhancing "government records" language from R.C. 2913.42(B)(4). *Pelfrey*, ¶ 3; *see, also*, *State v. Pelfrey*, 2d Dist. Montgomery No. 19955, 2005-Ohio-5006. ¶ 10. However, at trial, the verdict form for that charge merely stated:

> We, the jury, upon the issues joined in this case, do find the Defendant, David L. Pelfrey, Guilty of the offense of Tampering With Records as charged in the indictment.

*Id.*

{¶20} On appeal, Pelfrey argued that the verdict form did not comply with R.C. 2945.75(A)(2) and thus the conviction had to be reduced to the lowest degree of the offense, a first-degree misdemeanor. *Pelfrey*, 2007-Ohio-256, ¶ 4. The Supreme Court of Ohio agreed, even though Pelfrey had not objected to or raised

the adequacy of the verdict form at trial, and even though the verdict form incorporated by reference the offense charged in the indictment. *Id*., at ¶ 1.

**{¶21}** Thus, in *Pelfrey*, the Supreme Court of Ohio held that even in a plain error review, a verdict form must include the aggravating element or the degree of the offense, as specified in R.C. 2945.75, and a verdict form that does not comply with R.C. 2945.75 cannot be cured by overwhelming evidence of the enhancing element or incorporation of language from the indictment. *Pelfrey*, ¶ 14. The Supreme Court of Ohio reasoned that R.C. 2945.75 was clear and complete and "[t]he statutory requirement certainly imposes no unreasonable burden on lawyers or trial judges." *Id.* at ¶¶ 11-12.

**{¶22}** In the prior appeal in this case, we reversed Thomas's convictions on Counts 4 and 5 on the basis of *Pelfrey* and on the basis of a subsequent decision of the Supreme Court of Ohio, *State v. McDonald*, 2013-Ohio-5042.[2] Based on *Pelfrey* and *McDonald*, we found that the verdict forms on Counts 4 and 5 in this case were erroneous, that the error was reversible, and that the convictions on those two counts had to be reduced to the lowest forms of the offenses charged. In light of *Pelfrey* and *McDonald*, our holding in the prior appeal was not impacted by the fact that Thomas had lodged no objection at trial to the verdict forms at issue.

---

[2] In *McDonald*, the Ohio Supreme Court stated that "*Pelfrey* makes clear that in cases involving offenses for which the addition of an element or elements can elevate the offense to a more serious degree, *the verdict form itself* is the only relevant thing to consider in determining whether the dictates of R.C. 2945.75 have been followed." (Emphasis added.) *State v. McDonald*, 2013-Ohio-5042, ¶ 17.

**{¶23}** However, with the release of *State v. Mays*, 2024-Ohio-4616, on September 25, 2024, the Supreme Court of Ohio has now held that, in the absence of an objection to deficiencies in a verdict form of the type at issue here, a plain-error review may be applied on appeal. *Id*., at ¶ 26.

**{¶24}** As the Ohio Supreme Court noted in *Mays*, three elements must be met in order to find reversible error in a plain-error review. *Mays*, *supra*, at ¶ 27. Specifically, "[t]here must first be a deviation from a legal rule, that deviation must be an obvious defect in trial proceedings, and the deviation must have affected substantial rights." *Id*.

**{¶25}** In the instant case, there was a deviation from a legal rule, as the verdict forms for Counts 4 and 5 did not comply with R.C. 2945.75(A)(2). However, Thomas did not object to the error, and we find that the error in those verdict forms did not affect Thomas's substantial rights.

**{¶26}** In that regard, we take note of the detailed summary of the evidence presented at trial that was set forth in our initial decision in this case, and incorporate the same here by reference. As to Count 4, the charge of Domestic Violence, undisputed evidence established at trial that, in addition to committing the domestic violence offense at issue, Thomas had previously been convicted of an offense of violence and that the victim of the prior offense was family or household member at the time. As to Count 5, the charge of Inducing Panic, uncontroverted evidence established that Thomas's course of conduct on the night in question resulted in the

commission of the offense of Inducing Panic and that, in so doing, physical harm was caused by him to the mother of his children, Brittany G.

{¶27} Moreover, we note that the trial court instructed the jury on all elements of the indicted offenses in Counts 4 and 5, including the aggravating elements, and the jury was instructed that they must find those elements to have been proven beyond a reasonable doubt before Thomas could be found guilty of the indicted offenses in those counts.  We also note that the verdict forms for Counts 4 and 5 incorporated, by reference, the fact that the verdicts were based on the crimes "as charged in the indictment".

{¶28} Accordingly, upon applying the plain-error review now permitted by *State v. Mays*, *supra*, we find that plain error did not occur in this case as a result of the incomplete verdict forms on Counts 4 and 5.

{¶29} The sixth assignment of error is overruled.

*Conclusion*

{¶30} Having found no error prejudicial to Thomas in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**