[Cite as *State v. Mahmoud*, 2025-Ohio-3020.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-12-019 |
| | : | <u>OPINION AND</u> |
| - vs - | | <u>JUDGMENT ENTRY</u> |
| | : | 8/25/2025 |
| HADEEM MOHAMAD MAHMOUD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20230180

Jess Weade, Fayette County Prosecuting Attorney, for appellee.

CMW Law Firm, and Anthony D. Maiorano, for appellant.

# **O P I N I O N**

**PIPER, P.J.**

{¶ 1} Appellant, Hadeem Mohamad Mahmoud, appeals his conviction in the Fayette County Court of Common Pleas after a jury found him guilty of one count of third-degree felony failure to comply with the order or signal of a police officer. For the reasons outlined below, we affirm Mahmoud's conviction.

**Facts and Procedural History**

{¶ 2}   On July 28, 2023, the Fayette County Grand Jury returned an indictment charging Mahmoud with failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(B). The offense was charged as a third-degree felony in accordance with R.C. 2921.331(C)(5)(a)(ii).[1] The charge arose after it was alleged Mahmoud had operated a motor vehicle while in Fayette County, Ohio on June 24, 2023 so as willfully to elude or flee from a police officer after receiving a visible or audible signal from the officer to bring the motor vehicle to a stop. It was also alleged that Mahmoud's operation of said motor vehicle caused a substantial risk of serious physical harm to persons or property. Mahmoud was arraigned on August 24, 2023 and entered a plea of not guilty to the charged third-degree felony offense.

{¶ 3}   On December 5, 2023, the matter proceeded to a one-day jury trial. At trial, Sergeant Burd of the Ohio State Highway Patrol testified and positively identified Mahmoud as the operator of the motor vehicle who had failed to comply with the order or signal of a police officer to bring the motor vehicle to a stop. There was also testimony that Mahmoud had operated the motor vehicle, even after receiving an order or signal from a police officer to stop, at a "very high" rate of speed "well over" 100 mph "passing left of center, every chance it had, almost causing head-on crashes, driving extremely reckless." This was in addition to the testimony that Mahmoud was "running traffic lights and stops signs" while operating the motor vehicle in areas where "traffic got a lot heavier,

---

1. R.C. 2921.331(B) prohibits any person from operating a motor vehicle "so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." At the time of the offense, a violation of R.C. 2921.331(B) was generally charged as a first-degree misdemeanor in accordance with the now former R.C. 2921.331(C)(3). However, pursuant to R.C. 2921.331(C)(5)(a)(ii), a violation of R.C. 2921.331(B) rises to a third-degree felony if the jury finds, beyond a reasonable doubt, that the offender's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. A "substantial risk" means "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8).

and the roads were a lot more narrow."

{¶ 4}   Upon both parties resting, the trial court provided the jury with its final jury instructions. This included the trial court instructing the jury with respect to the offense of third-degree felony failure to comply with the order or signal of a police officer that, before it could find Mahmoud guilty of the charged third-degree felony offense, it was required to first find "beyond a reasonable doubt that on or about the 24th day of June, 2023, and in Fayette County, Ohio, the defendant operated a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." The trial court also instructed the jury that, if and only if it had found Mahmoud guilty of failing to comply with the order or signal of a police officer, it was then required to "separately decide whether the State of Ohio has proved beyond a reasonable doubt that the defendant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property."

{¶ 5}   Following deliberations, the jury returned a verdict finding Mahmoud guilty of third-degree felony failure to comply with the order or signal of a police officer as alleged in the indictment. The verdict form returned by the jury, a form which Mahmoud never objected to at the trial court level, initially stated, "We, the jury, find the defendant, Hadeem Mahmoud, <u>Guilty</u> of **Failure to Comply**, as charged in the indictment." (Bold and underlined text in original.) The verdict form then stated: "**<u>Additional finding: if and only if a verdict of guilty is found as to this count.</u>** We, the jury, further find that the defendant's operation of the motor vehicle: <u>Did</u> create a substantial risk of serious physical harm to persons or property as charged in the indictment." (Bold and underlined text in original.)

{¶ 6}   On December 28, 2023, the trial court held a sentencing hearing where it sentenced Mahmoud to serve 24 months in prison. That same day, Mahmoud filed a

- 3 -

notice of appeal. Following briefing, on August 21, 2024, Mahmoud's appeal was submitted to this court for review. On appeal, Mahmoud raised one assignment of error for review. In his single assignment of error, Mahmoud challenged the jury's verdict finding him guilty of third-degree felony failure to comply with the order or signal of a police officer as being against the manifest weight of the evidence. Mahmoud supported this argument by alleging the evidence presented at trial did not clearly establish his identity as the operator of the motor vehicle who had failed to comply with the order or signal of a police officer to bring the motor vehicle to a stop. This court disagreed and, on September 23, 2024, issued a decision affirming Mahmoud's conviction. *State v. Mahmoud*, 2024-Ohio-4624 (12th Dist.).

{¶ 7} On December 6, 2024, Mahmoud filed a pro se application to reopen his appeal. To support his application, Mahmoud argued that he was denied the effective assistance of appellate counsel given his appellate counsel's failure to challenge the sufficiency of the verdict form used by the jury to find him guilty of third-degree felony failure to comply with the order or signal of a police officer. Mahmoud supported this claim by arguing the verdict form did not state a degree of the offense or indicate that he had willfully eluded or fled from police as required by R.C. 2945.75(A)(2). As the basis for this argument, Mahmoud cited *State v. McDonald*, 2013-Ohio-5042, a decision in which the Ohio Supreme Court found:

> To properly convict [a defendant] of a violation of R.C. 2921.331(B) as enhanced by R.C. 2921.331(C)(5)(a)(ii), the verdict would have to either state that [the defendant] was guilty of a third-degree felony or set forth the additional elements that transform the failure to comply with the order or signal of a police officer from a misdemeanor to a third-degree felony.

*Id.* at ¶ 19.

{¶ 8} Finding merit to Mahmoud's application to reopen his appeal, and

concluding that there appeared to be a genuine issue as to whether Mahmoud was denied the effective assistance of counsel on appeal, this court granted Mahmoud's application for reopening his appeal on February 13, 2025. The following month, on March 27, 2025, Mahmoud was appointed with new appellate counsel. Shortly thereafter, on March 31, 2025, this court issued a scheduling order for Mahmoud's reopened appeal. Pursuant to that scheduling order, Mahmoud filed his appellate brief on April 3, 2025. The State then filed its responsive brief on May 7, 2025, to which Mahmoud filed a reply brief on May 13, 2025. Following oral argument, on July 7, 2025, Mahmoud's reopened appeal was submitted to this court for consideration. Mahmoud's reopened appeal now properly before this court for decision, Mahmoud has raised one assignment of error for review.

**Mahmoud's Single Assignment of Error**

**{¶ 9}** MAHMOUD RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN HIS APPELLATE COUNSEL ON DIRECT APPEAL FAILED TO ARGUE THE VERDICT FORM WAS SUFFICIENT ONLY TO CONVICT MAHMOUD OF FIRST DEGREE MISDEMEANOR FAILURE TO COMPLY.

**{¶ 10}** In his single assignment of error, Mahmoud argues he received ineffective assistance of appellate counsel. To support this claim, Mahmoud argues his appellate counsel was ineffective for failing to challenge the sufficiency of the verdict form used by the jury to find him guilty of third-degree felony failure to comply with the order or signal of a police officer as part of his direct appeal. This is because, according to Mahmoud, the verdict used by the jury did not state a degree of the offense or indicate that he had willfully eluded or fled from police as required by R.C. 2945.75(A)(2). Mahmoud claims this deficiency requires his conviction for failing to comply with the order or signal of a police officer be converted from a third-degree felony to a first-degree misdemeanor in accordance with the Ohio Supreme Court's decision in *McDonald*, 2013-Ohio-5042. We

- 5 -

disagree.

## Ineffective Assistance of Appellate Counsel

{¶ 11} "On a criminal appeal as of right, the defendant is entitled to effective assistance of appellate counsel, who must exercise reasonable professional judgment in presenting the appeal." *State v. Vinson*, 1993 Ohio App. LEXIS 4068, *3 (12th Dist. Aug. 23, 1999). A claim alleging ineffective assistance of appellate counsel is analyzed using the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Dennison*, 1993 Ohio App. LEXIS 2864, *11 (12th Dist. June 7, 1993). "[U]nder *Strickland*, in order to prevail on a claim that counsel was ineffective, a criminal defendant must show (1) that his counsel's performance was deficient and (2) that that performance prejudiced him." *State v. Simpson*, 2020-Ohio-6719, ¶ 18, citing *Strickland* at 687. "In determining whether appellate counsel's performance constitutes ineffective assistance, we must determine whether counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result." *State v. Darrah*, 2008-Ohio-6762, ¶ 6 (12th Dist.). Therefore, to establish ineffective assistance of appellate counsel, the appellant must prove that his appellate counsel "was deficient for failing to raise the issues he now presents, and that there was a reasonable probability of success had he presented those claims on appeal." *Id.*, citing *State v. Sheppard*, 2001-Ohio-52, ¶ 4. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Brown*, 2024-Ohio-749, ¶ 64, quoting *Strickland* at 694.

## Mahmoud Forfeited All but Plain Error

{¶ 12} As noted above, Mahmoud failed to object to the verdict form used by the jury at the trial court level, thus forfeiting all but plain error on appeal. *See, e.g., State v. Mays*, 2024-Ohio-4616, ¶ 26 ("In this case, the verdict form's alleged failure to comply with R.C. 2945.75[A][2] prejudiced [appellant], as the verdict form elevated his offense

from a first-degree misdemeanor to a fifth-degree felony under R.C. 2919.27[B]. Thus, [appellant] bore the responsibility of objecting. Because he failed to raise an objection at the trial-court level, he forfeited all but plain error on appeal.").[2] "Under plain-error review, three elements must be met in order to find reversible error." *Mays* at ¶ 27. "There must first be a deviation from a legal rule, that deviation must be an obvious defect in trial proceedings, and the deviation must have affected substantial rights." *Id*. "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention." *State v. Bailey*, 2022-Ohio-4407, ¶ 9. Notice of plain error is to be taken with "'the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Nicholson*, 2024-Ohio-604, ¶ 114, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

### Mahmoud Failed to Establish Plain Error

{¶ 13} Upon review, we question whether the verdict form used by the jury in this case to convict Mahmoud of third-degree felony failure to comply with the order or signal of a police officer complied with the requirements set forth in R.C. 2945.75(A)(2). *See, e.g., McDonald*, 2013-Ohio-5042 (finding verdict form that stated the jury had found the defendant guilty of "Failure to Comply with Order or Signal of Police Officer And Caused

---

2. *Mays* does not address the timing of a R.C. 2945.75(A)(2) objection to a verdict form. The *Mays* opinion only recognizes that when noncompliance with R.C. 2945.75(A)(2) would result in a lesser punishment, and therefore prejudice the state, it is the state who must object, but when noncompliance with the statute would result in a greater punishment, and therefore prejudice the defendant, it is the defendant who must object. *Id.* at ¶ 25. The verdict form in this case permitted Mahmoud to be convicted of only a first-degree misdemeanor, as opposed to the third-degree felony with which he was indicted. Therefore, Mahmoud had no duty to object to the verdict form at the time it was submitted to the jury. "[E]rrors that a defendant is required to object to in the trial court are those that prejudice *him.* Here, the verdict form as drawn charged appellant with a misdemeanor of the first degree. The state would have us conclude that a defendant has a duty to object to his being charged with a misdemeanor and to request, to his detriment, that he be charged with a felony. A defendant, however, has no duty to ask the state to charge him with a more serious crime or to mete out greater punishment. It is the state's responsibility, and not the defendant's, to call to the court's attention errors which prejudice the state." (Emphasis in original.) *State v. Lacey*, 2006-Ohio-4290, ¶ 33 (5th Dist.), quoting *State v. Gleason*, 110 Ohio App.3d 240, 248 (5th Dist.1996). Accordingly, given the facts of this case, Mahmoud should have objected at the time the trial court sentenced him for a third-degree felony based upon a verdict form that permitted conviction of only a first-degree misdemeanor.

A Substantial Risk of Serious Physical Harm To Persons or Property" was insufficient to convict the defendant of third-degree felony failure to comply with the order or signal of a police officer because the verdict form signed by the jury did not set forth the additional elements that enhanced the crime from a misdemeanor to a felony).

{¶ 14} However, even if we were to conclude that the verdict form used by the jury in this case failed to comply with the requirements of R.C. 2945.75(A)(2), Mahmoud has not established plain error. This is because, even assuming there was error with the verdict form used by the jury in this case, Mahmoud has not shown how the verdict form's alleged deviation from the requirements set forth in R.C. 2945.75(A)(2) affected his substantial rights. That is to say, Mahmoud has failed to prove that the alleged error in the verdict form used by the jury to convict him of third-degree felony failure to comply with the order or signal of a police officer affected the outcome of his trial. *See State v. Brinkman*, 2022-Ohio-2550, ¶ 45 (noting that the third element in the plain error analysis, requiring the deviation from a legal rule to have affected the appellant's substantial rights, has been "interpreted to mean that the error affected the outcome of the trial").

{¶ 15} In so holding, we note that, given the evidence presented at trial, the record clearly demonstrates that Mahmoud operated a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from the officer to bring the motor vehicle to a stop. The record also clearly establishes that Mahmoud's operation of that motor vehicle caused a substantial risk of serious physical harm to persons or property. This included, as noted above, testimony that Mahmoud was operating the motor vehicle at a "very high" rate of speed "well over" 100 mph "passing left of center, every chance it had, almost causing head-on crashes, driving extremely reckless." Therefore, given the evidence presented at trial, Mahmoud cannot establish that plain error occurred in this case. *See, e.g., State v. Shockey*, 2025-Ohio-328, ¶ 10-13 (3d Dist.)

(finding no plain error where the appellant's substantial rights were not affected by defects in the verdict forms used by the jury to convict appellant of assaulting a police officer and obstructing official business given the evidence presented at trial clearly established the additional enhancing elements necessary to raise the degree of the offenses from misdemeanors to felonies).

{¶ 16} We also note that, upon both parties resting their respective cases, the trial court instructed the jury that, in order to find Mahmoud guilty of third-degree felony failure to comply with the order or signal of a police officer, it had to first find "beyond a reasonable doubt that on or about the 24th day of June, 2023, and in Fayette County, Ohio, the defendant operated a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." The trial court further instructed the jury that, if it had found Mahmoud guilty of failing to comply with the order or signal of a police officer, it was to then consider whether the State had also "proved beyond a reasonable doubt that the defendant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. This too supports a decision finding Mahmoud cannot establish plain error occurred in this case. *See, e.g., State v. Thomas*, 2025-Ohio-603, ¶ 27 (3d Dist.) (finding no plain error where the appellant's substantial rights were not affected by defects in the verdict forms used by the jury to convict appellant of domestic violence and inducing panic given "the trial court instructed the jury on all elements of the indicted offenses in Counts 4 and 5, including the aggravating elements, and the jury was instructed that they must find those elements to have been proven beyond a reasonable doubt before [appellant] could be found guilty of the indicted offenses in those counts").

{¶ 17} The verdict form used by the jury in this case similarly required the jury to first answer whether it had found Mahmoud guilty of failing to comply with the order or

signal of a police officer as alleged in the indictment. If the jury determined that Mahmoud was guilty of failing to comply as the indictment alleged, the verdict form then asked the jury to determine whether Mahmoud had operated the motor vehicle in such a manner to cause a substantial risk of serious physical harm to persons or property. Therefore, given the trial court's instructions provided to the jury in this case, the jury's verdict finding Mahmoud guilty of failing to comply with the order or signal of a police officer necessarily included a finding that Mahmoud had done so as willfully to elude or flee a police officer after receiving a visible or audible signal from the officer to bring the motor vehicle to a stop. This also supports a decision finding no plain error occurred in this case. *See, e.g., Thomas*, 2025-Ohio-603 at ¶ 27 (finding the fact "that the verdict forms for Counts 4 and 5 incorporated, by reference, the fact that the verdicts were based on the crimes 'as charged in the indictment'" further supported a decision finding no plain error occurred "as a result of the incomplete verdict forms on Counts 4 and 5").

**{¶ 18}** Further supporting a decision finding no plain error occurred in this case is our recent decision in *State v. Palma*, 2025-Ohio-1318 (12th Dist.). In that case, this court determined that even if we were to conclude that the verdict form used by the jury to convict the appellant of third-degree felony failure to comply with an order or signal or a police officer had failed to comply with the requirements set forth in R.C. 2945.75(A)(2), the appellant had not established plain error. *Id.* at ¶ 18-21. In so holding, this court noted that, in addition to the verdict form used by the jury to find appellant guilty, "as part of a special verdict form, the jury specifically found [appellant] had, in fact, operated the motor vehicle in such a manner that caused a substantial risk of serious physical harm to persons or property, thereby elevating his conviction from a misdemeanor to a felony." *Id.* at ¶ 21. Therefore, given the inclusion of this special verdict form, this court determined that, "even if we were to conclude that the verdict form failed to comply with R.C.

2945.75(A)(2) due to its alleged 'failure to state the degree of the offense, the relevant statute or the additional elements elevating the conviction to a felony' as [appellant] suggests, [appellant] has failed to establish how this constituted plain error." *Id.* The same holds true here, thereby providing further support for a decision finding no plain error occurred in this case.

### Mahmoud was Not Denied the Effective Assistance of Appellate Counsel

{¶ 19} For the reasons outlined above, Mahmoud has not established that plain error occurred in this case. Therefore, because Mahmoud has not established plain error, Mahmoud's argument that he received ineffective assistance of appellate counsel given his appellate counsel's failure to challenge the sufficiency of the verdict form used by the jury to find him guilty of third-degree felony failure to comply with the order or signal of a police officer when considering the verdict form did not state a degree of the offense or indicate that he had willfully eluded or fled from police as required by R.C. 2945.75(A)(2) lacks merit. This is because, as stated previously, to establish ineffective assistance of appellate counsel, the appellant must prove that his appellate counsel "was deficient for failing to raise the issues he now presents, and that there was a reasonable probability of success had he presented those claims on appeal." *Darrah*, 2008-Ohio-6762 at ¶ 6, citing *Sheppard*, 2001-Ohio-52 at ¶ 4. Mahmoud has failed to establish either that his appellate counsel was deficient by failing to raise that issue or that there was a reasonable probability of success had his appellate counsel presented that claim as part of his direct appeal. Accordingly, because Mahmoud was not denied the effective assistance of appellate counsel, Mahmoud's single assignment of error lacks merit and is overruled.

### Conclusion

{¶ 20} For the reasons outlined above, and having now overruled Mahmoud's single assignment of error, Mahmoud's reopened appeal arguing that he received

ineffective assistance of appellate counsel is denied.

{¶ 21} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

_____

# J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge